UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

WALTZ TIME MUSIC, INC., UNIVERSAL MUSIC )
CORP., and W CHAPPELL MUSIC CORP. d/b/a WC )
MUSIC CORP. ) Civil Action No.
)
Plaintiffs, )
)
v. )
) **COMPLAINT**
)
LORI ROADHOUSE LLC and GREG FISHER and )
TYLER WOGENSTAHL, )
)
Defendants. )

---

Plaintiffs, through their attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C.§ 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

**THE PARTIES**

4. The Plaintiffs named in Column 2* are the owners of the copyrights in the original musical compositions listed in Column 3 and are properly joined in this complaint under Rule 20 of

---

\* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

the Federal Rules of Civil Procedure.

5. On information and belief, defendant Lori Roadhouse, LLC ("LRL") is a limited liability company organized under the laws of Ohio with offices 4924 Union Center Pavilion Drive, West Chester, Ohio 45069.

6. At all times hereinafter mentioned, LRL did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Lori's Roadhouse, located 4924 Union Center Pavilion Drive, West Chester, Ohio 45069.

7. Musical compositions were and are publicly performed at Lori's Roadhouse.

8. On information and belief, defendant Greg Fisher ("Fisher") is an individual who resides and/or does business in this District.

9. On information and belief, defendant Tyler Wogenstahl ("Wogenstahl" and, together with LRL and Fisher, the "Defendants") is an individual who resides and/or does business in this District.

10. At all times hereinafter mentioned, Fisher and Wogenstahl were, and still are, owners, officers, directors, and/or managing members of LRL.

11. At all times hereinafter mentioned, Fisher and Wogenstahl were, and still are, responsible for the control, management, operation and/or maintenance of the affairs of LRL.

12. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Lori's Roadhouse, including the right and ability to supervise and control the public performance of musical compositions at Lori's Roadhouse.

13. Each Defendant derives a direct financial benefit from the public performance of

musical compositions at Lori's Roadhouse.

## FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF
## PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

14. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 1 million songwriter, composer, and music publisher members. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. Going back several years, ASCAP representatives have made more than one hundred attempts to contact the Defendants. ASCAP's representatives have contacted the Defendants or their representatives via mail, telephone, and email.

16. Defendants have refused all of ASCAP's license offers for Lori's Roadhouse.

17. ASCAP's various communications gave Defendant notice that unlicensed performances of ASCAP's members' musical compositions at Lori's Roadhouse constitute infringement of ASCAP's members' copyrights in their musical works.

18. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Lori's Roadhouse, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

19. The many unauthorized performances at Lori's Roadhouse include the three copyrighted musical compositions upon which this action is based.

20. The original compositions listed in Column 3 were created and written by the people named in Column 4.

21. The original compositions listed in Column 3 were published on the dates stated in Column 5, and, since their respective date of publication, have been printed and published in strict conformity with Title 17 of the United States Code.

22. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

23. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly the compositions at Lori's Roadhouse, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

24. The public performances at Lori's Roadhouse of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

25. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

26. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

27. The said wrongful acts of Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at Lori's Roadhouse, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred and Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

For such other and further relief as may be just and equitable.

By: */s/ Kimberly E. Ramundo*
Kimberly E. Ramundo (0066570)
**THOMPSON HINE LLP**
312 Walnut Street, Suite 2000
Cincinnati, OH 45202-4089
Telephone: (513) 352-6700
Facsimile: (513) 241-4771
Trial Attorneys for Plaintiffs